IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MYIA MARTINEZ,

    Plaintiff,

vs.

TRUIST BANK,

    Defendant.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Myia Martinez (formerly Myia Kuhlman) ("Plaintiff" or "Ms. Martinez"), by and through undersigned counsel, sues Defendant Truist Bank ("Defendant" or "Truist") and alleges as follows:

## NATURE OF CLAIMS

1.     This is an action for damages and equitable relief arising from Defendant's unlawful interference with Plaintiff's protected medical leave, and retaliation for exercising protected rights.

2.     Plaintiff brings these claims under the Family and Medical Leave Act ("FMLA").

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

4.    Venue is proper in this District because the unlawful employment practices complained of occurred in Florida and Defendant conducts business in this District.

## PARTIES

5.    Plaintiff Myia Martinez is resident and citizen of Lee County Florida. Plaintiff is former employee of Defendant. During her employment with Truist, she was known as Myia Kuhlman.

6.    Defendant Truist Bank is foreign corporation that does business in the State of Florida.

## FMLA COVERAGE AND ELIGIBILITY

7.    At all times relevant to this action, Defendant was and is an "employer" within the meaning of 29 U.S.C. § 2611(4) of the FMLA.

8.    At all times material, Defendant employed, and continues to employ, 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

9.    At times material, Plaintiff was employed at a work site or location where Defendant employed 50 or more employees within a 75-mile radius.

10.    Under 29 U.S.C. § 2611(2)(A)(i), Plaintiff was an employee eligible for FMLA leave because she was employed at least 12 months and worked at least 1250 hours during the 12-month period immediately preceding her FMLA eligible leave in this action.

11.     Plaintiff's need for leave was for her own serious health condition, as defined by 29 U.S.C. § 2611(11) and relevant regulations, thereby constituting a qualifying reason for FMLA leave.

12.     Plaintiff notified Defendant of the need for leave for FMLA qualifying leave and otherwise complied with all notice obligations imposed by the FMLA, its implementing regulations, and the employer's FMLA policy.

## FACTUAL ALLEGATIONS

*Plaintiff's Employment*

13.     Plaintiff began working for Defendant in or about 2021 as a Teller.

14.     Plaintiff performed her duties satisfactorily and was promoted to Relationship Banker in early 2025.

15.     As a Relationship Banker, Plaintiff opened accounts for customers and continued to perform certain teller functions.

16.     In approximately April 2025, a blind and homeless client, accompanied by a caseworker, came into the branch seeking assistance. The client's daughter was allegedly withdrawing funds from her account without authorization. The client wanted to set up a new account outside of the daughter's control.

17.     The client's identification was expired, so initially Plaintiff and a co-worker informed the client that opening a new account would not be possible. But the Branch Manager instructed Plaintiff and the co-worker to open the account given the circumstances.

3

18. Under the Branch Manager's supervision and instruction, Plaintiff assisted with opening a new account; and a teammate processed a cash withdrawal using the expired identification.

19. In or around August 2025, Defendant initiated an internal investigation into this transaction.

20. Plaintiff and the teammate both reported that the Branch Manager had authorized the process. This was also confirmed on Defendant's video surveillance.

21. Plaintiff was not disciplined for the April incident.

*Plaintiff's Medical Conditions and Protected Leave*

22. Prior to November 2025, Plaintiff had approved intermittent leave supported by medical providers for her own health conditions of depression, anxiety, migraines, and chronic pain.

23. Defendant was aware of Plaintiff's medical conditions.

24. Plaintiff requested and was approved for FMLA protected leave for her own health condition beginning on November 8, 2025, concluding on January 12, 2026.

25. At the time Plaintiff commenced leave on November 8, 2025, her cash drawer balanced with no discrepancy.

*Retaliatory Events Immediately Upon Return from FMLA Leave*

26. On January 12, 2026, Plaintiff returned from FMLA leave.

27. On her first day back, Defendant immediately required Plaintiff to participate in an investigatory meeting.

4

28.    During that meeting, Plaintiff was accused of "force balancing" and accused of stealing $5,000 from her drawer on her last day before leave.

29.    Plaintiff denied any theft or intentional wrongdoing.

30.    The following day, January 13, 2026, Defendant terminated Plaintiff's employment.

31.    Defendant's stated reason for termination was an alleged "Code of Ethics violation" related to the April 2025 client incident.

32.    The other employees involved in the April 2025 incident — including the supervising Branch Manager — were not terminated.

33.    Defendant's stated reason for termination was pretextual.

34.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

## COUNT I
## FAMILY MEDICAL LEAVE ACT
## (INTERFERENCE WITH PLAINTIFF'S EXERCISE OF FMLA RIGHTS)

35.    Plaintiff realleges and incorporates paragraphs 1–34.

36.    Plaintiff qualified for FMLA leave because she had a "serious health condition" under 29 U.S.C. § 2611(11) and 29 U.S.C. § 2612(a)(1)(D). Specifically, Plaintiff had mental health impairment that required continuing treatment by a healthcare provider and caused periods of incapacity.

37.    Defendant was given notice of Plaintiff's need for FMLA leave due to a serious health condition.

5

38.     Defendant interfered with Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1) by failing to reinstate Plaintiff and instead terminating her upon return from FMLA leave.

39.     As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, interest, liquidated damages and attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

## COUNT II
## FAMILY MEDICAL LEAVE ACT
## (FMLA RETALIATION/DISCRIMINATION)

40.     Plaintiff realleges and incorporates paragraphs 1–34.

41.     Plaintiff engaged in protected activity under the FMLA when she requested and took leave for a qualifying reason under the FMLA.

42.     The day after Plaintiff returned from FMLA leave she was terminated.

43.     There is a causal link between Plaintiff's protected activity and the termination. Plaintiff's protected activity is close in temporal proximity to the termination.

44.     Defendant created a pretextual reason for the termination, alleging an incident that was investigated, closed over seven months prior, and involved other employees who were not terminated.

45.     Plaintiff was terminated and discriminated against because she exercised her right to take FMLA protected leave. Consequently, Defendant violated the retaliation and nondiscrimination prohibitions of the FMLA

6

46.    As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, liquidated damages, attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief under both Count I and Count II:

  a.    Lost back wages and benefits;

  b.    Front pay;

  c.    Interest;

  d.    Liquidated damages;

  e.    Attorney's fees and costs;

  f.    All such other relief as the Court deems proper.

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017

7